# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN CARLOS OZUNA BARRIOS, an individual, ) ) | Case No. 1:19-cv-05883 |
| Plaintiff, ) ) | |
| v. ) ) | |
| 5547 TANOSHI, INC., an Illinois corporation d/b/a TANOSHI SUSHI, and JIN HO HAM, an individual, a/k/a MIKE HAM, ) ) ) ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff, Juan Carlos Ozuna Barrios, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, 5547 Tanoshi, Inc., an Illinois corporation d/b/a Tanoshi Sushi ("Tanoshi Sushi"), and Jin Ho Ham, an individual a/k/a Mike Ham ("Ham") (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a work week, while compensating the Plaintiff on an improper salary basis. Plaintiff is a former cook, food preparer, dishwasher and cleaner at Defendants' Tanoshi Sushi restaurant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Ozuna is a former employee of the Defendants' Tanoshi Sushi restaurant located at 5547 N. Clark Street in Chicago, Illinois. Plaintiff Ozuna worked as a cook, food preparer, dishwasher and cleaner at Defendants' restaurant from approximately 2010 to July 26, 2019.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant 5547 Tanoshi, Inc. does business as the Tanoshi Sushi restaurant on North Clark Street in Chicago, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Tanoshi Sushi has earned more than $500,000.00 in annual gross revenue during 2016, 2017, 2018 and 2019.

9. Defendant 5547 Tanoshi, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Ham is an owner of the Tanoshi Sushi restaurant and is the president of the restaurant's operating entity, Defendant 5547 Tanoshi, Inc.

11. At all times relevant to this action, Defendant Ham possessed extensive oversight over the Tanoshi Sushi restaurant and its business operations. Defendant Ham was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Upon information and belief, Defendant Ham resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from September, 2016 through July 26, 2019, Plaintiff regularly worked at Defendants' Tanoshi Sushi restaurant six (6) days a week including Monday, Tuesday and Sunday from 3:00 p.m. to 10:30 p.m., Thursday from 3:00 p.m. to 11:30 p.m., and Friday and Saturday from 3:00 p.m. to 12:30 a.m. Plaintiff typically did not work on Wednesday.

14. Based on his schedule, Plaintiff regularly worked fifty (50) hours in individual workweeks from September, 2016 through July 26, 2019.

15. Defendants paid Plaintiff a weekly salary in the amount of $700.00 during the period from September, 2016 through July, 2019.

16. Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

17. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

18. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

19. Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

20. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

21. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

22. Throughout Plaintiff's employment, Defendant Tanoshi Sushi was an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

23. Defendant Tanoshi Sushi is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

24. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

25. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek, and Defendants further avoided overtime wage

obligations by placing Plaintiff on an illegal salary compensation plan paid with non-payroll checks that did not record the hours of work performed during the applicable pay period. On information and belief, Defendants' wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Juan Carlos Ozuna Barrios, prays for a judgment against Defendants 5547 Tanoshi, Inc. d/b/a Tanoshi Sushi and Jin Ho Ham a/k/a Mike Ham, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

27. Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

28. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

29. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

30. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

31. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

32. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Juan Carlos Ozuna Barrios, prays for a judgment against Defendants, 5547 Tanoshi, Inc., d/b/a Tanoshi Sushi, and Jin Ho Ham a/k/a Mike Ham, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

33. Plaintiff hereby incorporates paragraphs 1 through 18 as though stated herein.

34. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

35. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

36. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

37. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Juan Carlos Ozuna Barrios, prays for a judgment against Defendants, 5547 Tanoshi, Inc., d/b/a Tanoshi Sushi, and Jin Ho Ham a/k/a Mike Ham, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: September 3, 2019

Respectfully submitted,
Juan Carlos Ozuna Barrios,
Plaintiff


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com